O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIGINIO NOYA-RODRIGUEZ,<br><br>Petitioner,<br><br>v.<br><br>B. BIRKHOLZ, Warden,<br><br>Respondent. | Case No. 2:25-cv-00562-CAS-BFM<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

### I.    INTRODUCTION

On February 7, 2025, United States Magistrate Judge Brianna Fuller Mircheff (the "Magistrate Judge") issued a Report and Recommendation denying Higinio Noya-Rodriguez's *pro se* petition for a writ of habeas corpus. Dkt. 5 ("R&R"). On March 3, 2025, Higinio Noya-Rodriguez ("petitioner") filed his objections to the R&R. Dkt. 7 ("Obj.").

Pursuant to 28 U.S.C. § 636, the Court has reviewed the records and files herein, the R&R of the Magistrate Judge, and petitioner's Objections thereto. After having made a *de novo* determination of the portions of the R&R to which

1

petitioner's Objections were directed, the Court accepts the report, findings, and recommendations of the Magistrate Judge.

## II.     BACKGROUND

Petitioner Higinio Noya-Rodriguez is currently serving a 70-month federal sentence imposed by a district judge in the Middle District of Florida at FCI Lompoc, a federal prison located in the Central District of California. R&R at 1. He is currently scheduled to be released, as calculated by the Federal Bureau of Prisons ("BOP"), on February 3, 2026. Id.

On January 19, 2024, in a separate case, petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("2024 Petition") against respondent Bryan Birkholz ("Birkholz"), the warden of FCI Lompoc. See dkt. 1, Noya-Rodriguez v. Birkholz, 2:24-cv-00559-CAS-BFM ("Case No. 24-cv-00559"). On May 10, 2024, the Magistrate Judge issued a report and recommendation granting Birkholz's motion to dismiss the 2024 Petition. See dkt. 9, Case No. 24-cv-00559. On July 16, 2024, this Court accepted the findings and recommendations of the Magistrate Judge. Dkt. 11, Case No. 24-cv-00559. In dismissing the 2024 Petition, the Magistrate Judge found that petitioner "is subject to a removal order from an immigration court, and is therefore not eligible to apply earned time credits to early release from custody." Dkt. 9 at 2, Case No. 24-cv-00559. The Magistrate Judge found that petitioner was subject to this removal order even though United States Immigration and Customs Enforcement ("ICE") "has been unable to physically remove him from the country for the past twenty years." Id. at 4. Specifically, the Magistrate Judge determined that the fact "[t]hat ICE may not be able to effectuate removal does not mean that Noya-Rodriguez is not *subject* to an order of removal. He is." Id. (emphasis in original).

On January 21, 2025, in the present case, petitioner submitted another petition for writ of habeas corpus under 28 U.S.C. § 2241 ("2025 Petition"), also

2

against respondent Birkholz, again claiming that the BOP had deprived him of custody credit to which he was entitled under the First Step Act ("FSA"), 18 U.S.C. § 3632(d)(4)(C). Dkt. 1 at 1-2.

On February 7, 2025, the Magistrate Judge issued the instant R&R, finding that dismissal of the 2025 Petition was appropriate pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which also govern habeas petitions brought under 28 U.S.C. § 2241. R&R at 2-3 (citing Rule 4 and Rule 1(b), Rules Governing Section 2254 Cases). The Magistrate Judge determined that petitioner was not entitled to relief because (1) given that petitioner's 2024 Petition was fully litigated, his 2025 Petition was barred by claim preclusion principles; and (2) petitioner's new arguments—that his removal order could not be "reinstated" and that "different rules apply to Cubans"—failed on the merits. Id. at 3.

### III.  LEGAL STANDARD

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3) (stating "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to," and "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions"). Proper objections require "specific written objections to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise."). Where no

3

objection has been made, arguments challenging a finding are deemed waived. See 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). Moreover, "[o]bjections to a R&R are not a vehicle to relitigate the same arguments carefully considered and rejected by the Magistrate Judge." Chith v. Haynes, No. C18-5342 BHS, 2021 WL 4744596, at *1 (W.D. Wash. Oct. 12, 2021).

## IV.  DISCUSSION

In his Objections, petitioner appears to raise four arguments. See generally Obj. First, petitioner states that the R&R "fails to recognize the difference between [his] previous claim" in the 2024 Petition, which asserted that "the final order of removal is invalid because [p]etitioner is a citizen of Cuba," and his current claim in the 2025 Petition, which asserts that "reinstatement of a previous final order pursuant to 8 U.S.C. § 1231(a)(5) and 8 C.F.R. § 241.8(a) requires reentry as a prerequisite to reinstatement." Obj. at 1. Second, petitioner argues that the R&R does not acknowledge that his circumstances have changed since he filed the 2024 Petition, as he filed an asylum claim on November 25, 2024, which was subsequently rejected. Id. at 2-3. Third, petitioner asserts that the Magistrate Judge's determination about the purported "reinstatement" of his removal order "does not take into account multiple avenues of relief for an alien after a final order is entered." Id. at 3. Fourth, petitioner contends that his "documents clearly outline his status as a Cuban who meets the requirements of the Cuban Adjustment Act," Pub. L. No. 89–732, 80 Stat. 1161 (1966) (codified as a historical note to 8 U.S.C. § 1255). Id. at 1. The Court addresses each argument in turn.

As an initial matter, the Court agrees with the Magistrate Judge that the 2024 Petition and the 2025 Petition largely set forth the same claim. The Court further agrees that, in the 2025 Petition, petitioner did not provide any facts suggesting

4

that his circumstances had changed since the denial of the 2024 Petition. As the Magistrate Judge noted, "claim preclusion principles generally prevent a party from re-litigating the same claim a second time, even if the party presents new arguments that were not raised in the earlier litigation." R&R at 3. The Court finds that the Magistrate Judge correctly denied the petition for this reason, as "a district court may refuse to entertain a repetitive [habeas] petition absent a showing of manifest injustice or a change in law." Polizzi v. United States, 550 F.2d 1133, 1135 (9th Cir. 1976).

In response to petitioner's first Objection, the Court finds that the R&R does recognize the differences between the 2024 Petition and the 2025 Petition: it notes the "slight variations on his previous arguments," proceeds to analyze those arguments on the merits, and concludes that "[p]etitioner's new arguments do not persuade the Court that its prior conclusion was incorrect." R&R at 2-3. The Magistrate Judge correctly found that the purported "reinstatement" of petitioner's removal order does not change the fact that he is still "subject to a final order of removal" for the purposes of 18 U.S.C. § 3632(d)(4)(E) and is therefore not eligible to apply his FSA earned time credits toward prerelease custody or supervised release. Id. at 4. This is because, as the Magistrate Judge noted, the "reinstatement" process to which petitioner refers is not relevant to this case, as his removal order was never executed. Id. Accordingly, contrary to his allegation, petitioner's removal order was never "reinstated." Id. See, e.g., Alcala v. Holder, 563 F.3d 1009, 1013 (9th Cir. 2009) ("[W]hen an alien subject to removal leaves the country, the removal order is deemed to be executed. If the alien reenters the country illegally, the order may not be executed against him unless it has been 'reinstated' by an authorized official.") (quoting Morales-Izquierdo v. Gonzales, 486 F.3d 484, 487 (9th Cir. 2007)).

In his Objections, petitioner appears to refer to the immigration detainer issued against him on August 17, 2023 as the "reinstatement" at issue. Obj. at 3. The Magistrate Judge correctly addressed petitioner's apparent conflation of an immigration detainer and a removal order in her R&R dismissing the 2024 Petition, which this Court accepted. See dkt. 9 at 5, Case No. 24-cv-00559 ("A removal order is an order by an immigration judge (or other designated official) concluding that a person is removable to another country. An immigration detainer is different: it informs the facility holding an individual that ICE wants to take custody of him, once the facility no longer intends to hold him, for purposes of removing that individual from the United States."). This Court agrees with the Magistrate Judge that "[b]ecause the two are separate, any challenges [petitioner] might make to the immigration detainer cannot change the fact that he is subject to an order of removal, and thus statutorily ineligible to apply earned time credits to early release." See id.

In response to petitioner's second Objection, petitioner is correct that the R&R does not consider his asylum claim, allegedly filed on November 25, 2024 and subsequently rejected on an unspecified date. See generally R&R; see Obj. at 2. However, because the petition itself, filed on January 21, 2025, does not mention petitioner's asylum claim, see generally dkt. 1, it appears that petitioner raises this issue for the first time in his Objections. "[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000). Because petitioner was aware that his asylum claim had been filed at the time that he filed the instant petition, this Court could, in its discretion, refuse to consider it at this juncture.

Nevertheless, examining the merits of petitioner's new allegation, it does not alter the Magistrate Judge's ultimate determination that petitioner's removal order

Case 2:25-cv-00562-CAS-BFM     Document 8     Filed 07/21/25     Page 7 of 8     Page ID #:66

1  makes him ineligible for application of his earned time credits.  As petitioner
2  concedes that his asylum claim was rejected, <u>see</u> Obj. at 3, it appears that he is still
3  subject to a removal order and is still barred from applying his FSA earned time
4  credits.  <u>See</u> also <u>Jacinto v. Neely</u>, No. 7:24-CV-00084-LCB-SGC, 2024 WL
5  3448471, at *1 (N.D. Ala. July 16, 2024) ("The petitioner first seems to suggest
6  that, notwithstanding her final administrative order of removal, she is eligible to
7  receive the benefit of FSA time credits because she has applied for asylum.  She
8  cites no authority to support her suggestion, and the court is aware of none.")
9  (citations omitted).

        In response to petitioner's third Objection, the Court is not persuaded that the Magistrate Judge was required to "take into account" the other "avenues for [immigration] relief" listed by petitioner.  <u>See</u> Obj. at 3-4.  According to petitioner, these include the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment of Punishment ("CAT"), withholding proceedings, and asylum proceedings.  <u>Id.</u> at 4.  The Court has already addressed petitioner's rejected asylum application.  As for the CAT and withholding proceedings, petitioner does not allege that he has filed an application for withholding of removal under the CAT.  As determined by the Magistrate Judge, "[t]he fact that such an avenue of relief exists… does not change the fact that [p]etitioner 'is' (at least for the moment) 'the subject of a final order of removal' for purposes of 18 U.S.C. § 3632(d)(4)(E)."  R&R at 4.

        In response to petitioner's fourth Objection, while petitioner argues that he "meets the requirements of the Cuban Adjustment Act," the Court agrees with the Magistrate Judge that petitioner fails to show that "he has taken those steps [to apply for adjustment of status]" or that he "has successfully adjusted his status."  <u>See</u> Obj. at 1; R&R at 4.  Rather, petitioner has only shown that this avenue "hypothetically exist[s] for him."  R&R at 4.  Therefore, as above, "[t]he fact that

7

such an avenue of relief exists… does not change the fact that [p]etitioner 'is' (at least for the moment) 'the subject of a final order of removal' for purposes of 18 U.S.C. § 3632(d)(4)(E)." Id.

Accordingly, the Court agrees with the Magistrate Judge that petitioner has not shown that he is no longer subject to removal or that he was granted "cancellation of removal." Petitioner is therefore not entitled to the relief sought and his petition was appropriately denied.

## V. CONCLUSION

Having completed its review, the Court **ACCEPTS** the findings and recommendations set forth in the R&R. Accordingly, petitioner's petition for writ of habeas corpus is **DENIED** with prejudice.

Dated: July 21, 2025

_____
HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE